CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 0 9 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SAMUEL R. GOOD, | ) | |
| Plaintiff, | ) ) | Civil Action No. 5:04CV00097 |
| v. | ) ) | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security | ) ) ) | By: Hon. Glen E. Conrad United States District Judge |
| Defendant. | ) ) | |

Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423. Jurisdiction of this court is pursuant to 42 U.S.C. §405(g).

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If substantial evidence exists for the Commissioner's findings, and those findings were reached through application of the correct legal standard, the conclusion must be affirmed. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a mere scintilla of evidence, but may be less than a preponderance. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).

The plaintiff, Samuel R. Good, was born on December 24, 1943. He has earned a GED. Prior to 2002, he was self-employed as a dump truck driver and manager of S&J Trucking, a

1

partnership he owned and operated with his wife. From July through September of 1999, Mr. Good worked for APAC-Virginia, Inc. In his application for disability insurance benefits filed on September 24, 2002, Mr. Good stated that he became unable to work due to his disabling condition on March 31, 1996. In the subsequently filed Work Activity Report, he indicated that he last worked on December 31, 2001. Nonetheless, the Social Security Administration interviewer determined that Mr. Good could not engage in substantial gainful activity after March 31, 1996. (TR 92). Mr. Good was last insured for disability benefits on March 31, 1996. See 42 U.S.C. §§414 and 423.

The Social Security Administration ("SSA") denied Mr. Good's claims upon initial consideration and reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held and the ALJ issued an opinion on July 14, 2004, denying Mr. Good's claim for a period of disability and disability insurance benefits. The ALJ found that plaintiff was not under a "disability" as defined in the Act. Furthermore, the ALJ determined that plaintiff was working at a substantial gainful activity level as of March 31, 1996, even though plaintiff reportedly earned less than the presumptive substantial gainful activity amount, because plaintiff's income on March 31, 1996 was comparable to what it was before he allegedly became disabled. Applying the five step sequential disability analysis established under 20 C.F.R. §404.1520, the ALJ concluded his consideration of Mr. Good's case after determining that, under §404.1520(b), plaintiff was performing substantial gainful activity after March 31, 1996. Thus, the ALJ made no determination of whether plaintiff had an impairment or combination of impairments that would prevent him from working. See 20 C.F.R. §§404.1520(c)-(f) and 416.920(c)-(f).

2

Case 5:04-cv-00097-GEC   Document 8   Filed 09/09/05   Page 2 of 6   Pageid#: 22

Subsequent to the ALJ's decision, Mr. Good filed a request for review with the Social Security Administration's Appeals Council. On September 2, 2004, the Appeals Council denied plaintiff's request and adopted the ALJ's opinion as the final decision of the Commissioner. Having exhausted all administrative remedies, plaintiff now appeals to this court.

The initial consideration for determining a claimant's disability is whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). A trial work period of nine months during which the claimant performs services will be ignored, provided that the claimant's activities during that period do not continue beyond nine months. 20 C.F.R. §404.1592(a). When such services do continue beyond nine months, they are considered in determining the claimant's disability. The sequential nature of the disability inquiry means that the evaluation must end, and disability insurance benefits denied, if the claimant engaged in substantial gainful activity. Walton v. Apfel, 235 F.3d 184, 188 n.4 (4th Cir. 2000).

The record in Mr. Good's case indicates that the Commissioner's final decision is supported by substantial evidence. The ALJ's opinion reflects the repeated instances in the record in which plaintiff asserted that he ceased to work due to his disability on December 31, 2001. (TR 76, 89, 100). Pursuant to 42 U.S.C. §§416(i) and 423(d), a person is under a disability and potentially eligible to receive disability insurance benefits if he is unable to engage in any substantial gainful activity because of any medically determinable physical or mental impairment. An individual is under a disability only if his impairments are of such severity that he cannot perform either his previous work or any other kind of substantial gainful work in the national economy. 42 U.S.C. §423(d)(2)(A).

The record shows that Mr. Good worked 80-100 hours per month at his trucking enterprise from January 1, 1996 through December 31, 2001, and that during that time, he

3

worked only from April to November annually. (TR 89). Mr. Good also engaged in outside employment for three months in 1999. (TR 70). The tax return filed on behalf of plaintiff's partnership, S&J Trucking, indicates that in 2001, the partnership had gross receipts of $20,877. (TR 143). Moreover, the record includes a series of checks drawn on the S&J Trucking account by Mr. Good during the year 2002, indicating, as Mr. Good's attorney noted, "that Mr. Good was doing business under the partnership name of S&J Trucking in 2002." (TR 154). On the basis of the record, the ALJ properly concluded that Mr. Good was not under a disability as of March 31, 1996, and that he engaged in substantial gainful activity subsequent to that date.

Substantial gainful activity is defined in 20 C.F.R. §404.1572 as work for pay or profit that involves significant physical or mental activities. See Walton v. Apfel, supra, at 187 n.1. The regulations provide a scale of monthly average earnings that create a presumption of substantial gainful activity for employees. 20 C.F.R. §404.1574(b)(2)(ii)(B). Plaintiff's average monthly earnings for his three months of outside employment during 1999 met and exceeded the presumptive average of $500 per month. (TR 70).

The substantiality of the activities of self-employed individuals are evaluated under 20 C.F.R. §404.1575, which provides three tests for determining whether a claimant has engaged in substantial gainful activity. 20 C.F.R. §404.1575(a)(1)-(3). Two of those tests are relevant to this case. Under Test One, a claimant engages in substantial gainful activity if he renders significant services to the operation of the business and receives a substantial income from the business. The ALJ found that plaintiff received substantial income from his business after the date last insured because the income he subsequently received was comparable to the amount that he had received prior to the date last insured. (TR 17, 69, 143). This finding is consistent with the definition of substantial income for self-employed individuals. Self-employment income that averages less

4

than the presumptive amount for employees, but which is comparable to the income earned prior to the impairment or to the income earned by other community members engaged in similar business, is considered substantial. 20 C.F.R. §404.1575(c). The record does not contain evidence of the income typically earned by those in the community, but it does show that Mr. Good worked the same number of hours between January 1, 1996 and December 31, 2001. (TR 89). This fact suggests that Mr. Good's income remained at approximately the same level before and after his date last insured, and it also supports a finding that Mr. Good engaged in substantial gainful activity under Test Two. 20 C.F.R. §404.1575(a)(2).

The second test provides that a claimant engages in substantial gainful activity if his work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in the community in the same business. Again, although the record does not include facts regarding similar businesses in the community, it does show that Mr. Good continued to work the same number of hours after the date last insured as he had worked before. Thus, the ALJ appropriately concluded that plaintiff was working at a substantial gainful activity level as of his date last insured.

Based on this record, the court concludes that the Commissioner's final decision is supported by substantial evidence. The ALJ's opinion, which was adopted by the Commissioner, demonstrates a thorough review of plaintiff's statements, testimony, and relevant work history. The conclusion that plaintiff was engaged in substantial work activity and thus not disabled under 20 C.F.R. §404.1520(b) is supported by plaintiff's own statements and his financial records. Consequently, the record supports the Commissioner's determination that plaintiff is not disabled.

As a result of finding of substantial evidence to support the Commissioner's determination of nondisability, the court concludes that the Commissioner's final decision must be affirmed. In affirming the Commissioner's decision, the court again notes that the objective finding that the plaintiff continued to work at a substantial gainful activity level after the date last insured disqualifies him from receiving a period of disability and disability insurance benefits. The court does not imply that the plaintiff is completely free from symptoms that would constrain his capacity to work. However, there is substantial evidence to support the ALJ's opinion that plaintiff performed substantial gainful activity after the date last insured. It appears that the ALJ gave full consideration to all the relevant factors in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 9th day of September, 2005.

_____
United States District Judge